IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **MATTHEW P. MORRIS,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | **Civil Action No. 5:10-0828** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On June 16, 2010, Petitioner, acting *pro se*, filed an Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody and Memorandum in Support.[1] (Document Nos. 1 and 2.) Petitioner alleges that the "he was denied due process of law by Okeechobee County, Florida." (Document No. 2, p. 1.) Petitioner states that he was arrested on November 17, 2007, and "I have been in prison every since." (Id., p. 2.) Petitioner asserts that the "prosecutor of Okeechobee County, Florida, knew or should have known of my arrest and where abouts since November of 2007." (Id.) Petitioner states that "[o]n August 28, 2009, I received notice from the Office of the Grand Jury, coinciding with the time I, Matthew P. Mooris, agreed to testify on the behalf of John Gotti Jr." (Id.) Petitioner states that he "received the notice of indictment while in New York for Mr. Gotti's trial." (Id.) Petitioner explains that "[o]n 6-4-2010, a detainer was lodged against me by Okeechobee County, Florida and subsequently a detainer was lifted or deferred by Orangeburg County, South Carolina." (Id.) Petitioner contends that the foregoing "amounts to

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

vindictive prosecution and abuse of process." (Id.) Petitioner also contends that the State of South Carolina violated the Interstate Agreement on Detainers by "failing to lodge a detainer when they knew Petitioner was incarcerated and serving a sentence in the FBOP."[2] (Id., p. 3.)

On January 7, 2011, Petitioner filed his Amended Section 2241 Petition. (Document No. 10.) In his Amended Petition, Petitioner continues to argue that the State of Florida lacked authority "to continue to detain petitioner pursuant to an unlawful detainer that was lodged and later executed against petitioner resulting in extradition to the State of Florida from West Virginia. (Id.) Petitioner complains that even though he was indicted on October 30, 2009, the State of Florida failed to lodge a detainer until June 6, 2010. (Id., p. 2.) Petitioner states that he was scheduled to release from BOP custody on June 16, 2010. (Id.) Petitioner further complains that since the lodging of the detainer, he is being denied his right to a speedy trial by the State of Florida. (Id., pp. 3 - 5.)

## **ANALYSIS**

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky,

---

[2] Petitioner has asserted a similar claim in *Morris v. United States*, Civil Action 5:10-0711.

410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody and the absence of collateral consequences,[3] and therefore, his Section 2241 Application must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241 (Document Nos. 1 and 10.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**,

---

[3] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on June 16, 2010.

and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: July 31, 2013.

R. Clarke VanDervort
United States Magistrate Judge