IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

MATTHEW P. MORRIS,

                Petitioner,

v.                                                  CIVIL ACTION NO.  5:10-cv-00828

UNITED STATES OF AMERICA,

                Respondent.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Petitioner's Application for Writ of Habeas Corpus by a Person in Federal Custody Under 28 U.S.C. § 2241 (Document 1), memorandum in support (Document 2), and his Amended Section 2241 Petition (Document 10) together with the entire record. By Standing Order (Document 3) entered June 16, 2010, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

On July 31, 2013, the Magistrate Judge submitted his Proposed Findings and Recommendation ("PF&R") (Document 17), wherein he recommended that this Court dismiss Petitioner's Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241 (Documents 1 and 10) and remove this matter from the docket. Petitioner timely filed his objections to the PF&R on August 13, 2013. (Document 18.)

### *I.  BACKGROUND*

On June 16, 2010, Petitioner, acting *pro se*, filed an "Emergency Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody" (Document 1) and

Memorandum in Support (Document 2). Petitioner alleged that there was an unlawful detainer lodged against him and that "he was denied due process of law, by Okeechobee County, Florida." (Document 1 at 5 and 7; Document 2 at 1.) Petitioner explained that he had been incarcerated since his arrest on November 17, 2007. (Document 2 at 2.) Therefore, he contends that "[t]he prosecutor of Okeechobee County, Florida, knew or should have known of [his] arrest and were abouts [sic] since Nov of 2007." (*Id.*) However, Petitioner states that he did not receive notice of intent to seek indictment from the Office of the Grand Jury until August 28, 2009, around the time he agreed to testify on behalf of John Gotti Jr. (*Id.*) (Document 10 at 2.) Petitioner further states that he received the notice of indictment on October 26, 2009, while in New York for Mr. Gotti's trial. (Document 2 at 2.) Petitioner alleges that he then "asked the prosecutor's office for an attorney and a copy of the indictment and some sort of discovery information" and did so, again, in January of 2010, but did not receive any response to either request. (*Id.*)

Petitioner states that on June 4, 2010, a detainer was lodged against him by Okeechobee County, Florida. (*Id.*)[1] Afterwards, he contends that a detainer was lifted or deferred by Orangeburg County, South Carolina. (*Id.*) Petitioner alleges that the foregoing "amounts to vindictive prosecution and abuse to the process." (*Id.*) He also insinuates that Florida has violated § 3161(j) of the Speedy Trial Act.[2] (*Id.* at 1-2) (quoting 18 U.S.C. 3161(j)). Moreover, he

---

1 The United States Supreme Court has defined a detainer under the Interstate Agreement on Detainers ("IAD") as "a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent." *Carchman v. Nash,* 473 U.S. 716, 719 (1985). The Supreme Court of Appeals of West Virginia has defined a "detainer" under the IAD in the same manner. *State v. Seenes,* 212 W.Va. 353, 357, 572 S.E.2d 876, 880 (W.Va. 2002) (citing Moore *v. Whyte,* 164 W.Va. 718, 723, 266 S.E.2d 137, 140 (W.Va. 1980)).

2 "Under that section, the prosecutor, if he knows a person charged with a crime is currently incarcerated, must either 1) promptly obtain the prisoner's presence for trial or 2) promptly file a detainer with the prisoner's custodian and request the custodian advise the prisoner of the detainer and his right to demand a trial. 18 U.S.C. § 3161(j)(1). In addition, § 3161(j)(2) states that if the prisoner's custodian receives a detainer, the custodian must advise the prisoner of the charges and his right to demand trial and must promptly notify the prosecutor if the prisoner demands a trial."

contends that the State of Florida has violated the Interstate Agreement on Detainers ("IAD") and his due process rights under the Fifth and Fourteenth Amendments by: (1) "[f]ailing to lodge a detainer, when they knew petitioner was incarcerated and serving a sentence in the FBOP [Federal Bureau of Prisons]; (2) [f]ail[ing] to seek custody from 2007 thru [sic] early to mid 2009; (3) [f]ail[ing] to notify the Warden of the pending charges; (4) [f]ail[ing] to give petitioner notice of detainer and pending charges with in [sic] a reasonable time to permit proper defense." (*Id.* at 3.) Petitioner requests that the Court lift the detainer and dismiss the indictment with prejudice. (*Id.*)[3]

On January 7, 2011, Petitioner, while incarcerated in the State of Florida, filed an Amended Section 2241 Petition (Document 10) and memorandum in support (Document 11). Petitioner reiterates his argument that the State of Florida lacked the legal authority "to continue to detain petitioner pursuant to an unlawful detainer that was lodged and later executed against petitioner resulting in extradition to the state of Florida from West Virginia." (Document 10 at 1.) He complains that even though he was indicted on October 13, 2009, the state of Florida failed to lodge a detainer until June 6, 2010. (*Id.* at 2.) Petitioner states that he was to be released from FCI Beckley on June 16, 2010 "and if not for the detainer lodged ten days prior [he] would have returned to his residence . . . [i]nstead [he] was taken to Southern Regional Jail in Beaver, WV and sat there pending extradition." (*Id.*)

Petitioner asserts six claims against the State of Florida: (1) that the unlawful detainer lodged against him violates his Fifth and Fourteenth Amendment rights; (2) that his requests for a speedy trial have been circumvented and ignored in violation of the Fifth, Sixth, and Fourteenth

---

*U.S. v. Cone*, 310 F.App'x 212, 214-15 (10th Cir.2008).
3  The Interstate Agreement on Detainers "is a compact entered into by [forty-eight] States, the United States, and the District of Columbia to establish procedures for resolution of one State's outstanding charges against a prisoner of another State." *New York v.* Hill, 528 U.S. 110, 111 (2000) (citation omitted); *see* 18 U.S.C. app. 2, § 2. Both West Virginia and Florida are party states. W. Va.Code § 62–14–1; F.S.A. § 941.45.

Amendments; (3) that the delays in prosecuting his case amount to violations of due process under the Fifth and Fourteenth Amendments; (4) that the conditions of his confinement imposed as a result of the detainer and his extradition amount to a violation of the Eighth Amendment; (5) that the prejudicial treatment he has received violates his right to equal protection under the Fourteenth Amendment; and (6) that the refusal "to give [him] access to legal materials, books, and law library and his own legal materials through the mail amount to violation of right of access to Courts under the 14th Amendment." (*Id.* at 5-6.) He alleges that this Court has jurisdiction to intervene pursuant to 28 U.S.C. § 2241(d) and "by virtue of petitioner being a resident of the State of West Virginia, in federal custody in West Virginia at the time the unlawful detainer was lodged, and wrongfully extradited from West Virginia because of this unlawful detainer." (*Id.*) He prays that the Court: (1) declare the acts and omission herein as violations of his constitutional right, (2) issue an injunction ordering the State of Florida to stop violating his rights and (3) issue an order dismissing with prejudice the detainer, fugitive warrant, and indictment. (*Id.* at 6.)

## II. STANDARD OF REVIEW

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing

4

portions of the PF&R *de novo,* the Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

### III. DISCUSSION

#### A. The Magistrate's PF&R

The Magistrate Judge found that because Petitioner has been released from custody, his Section 2241 Application must be dismissed as moot. (PF&R at 2-3.)[4] The Magistrate explained that federal courts may only adjudicate live cases or controversies. (PF&R at 2) (citing *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477 (1990); *Nakell v. Attorney General of North Carolina,* 15 F.3d 319, 322 (4th Cir.1994), *cert denied,* 513 U.S. 866 (1994). In other words, "a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." (PF&R at 2) (quoting *Lewis,* 494 U.S. at 477.) The Magistrate Judge noted that in the context of a habeas corpus proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." (PF&R at 2) (citing *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 494-95 (1973)). The Magistrate Judge found that because Petitioner has been released from custody, the Respondent can no longer provide the requested relief. (PF&R at 3.) Therefore, he concluded that this Court can no longer consider Petitioner's Application under Section 2241. (*Id.*) In support, he quoted a portion of the Supreme Court's opinion in *Spencer v. Kemna,* 523 U.S. 1, 7 (1998):

---

4 He noted that, according to the Bureau of Prisons' Inmate Locator, Petitioner was released from custody on June 16, 2010. (*Id.* at 3.)

5

> An incarcerated convict's (or parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole – some 'collateral consequence of the conviction- must exist if the suit is to be maintained.

The Magistrate Judge found that Petitioner's Section 2241 Petition must be dismissed because his claims are moot by virtue of his release from custody and the lack of collateral consequences of his federal conviction. (PF&R at 2-3.) Accordingly, he recommended that the Court dismiss Petitioner's Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241 and remove this matter from the docket.

### B. *Petitioner's Objections*

Petitioner objects to the Magistrate Judge's finding that his Application is moot. (Document 18 at 1.)[5] Petitioner argues that this Court has proper jurisdiction to hear his claims because his "[Petition] was initiated in th[is] district when [he]was in federal custody, [he] is a native of the State of West Virginia, and has been extradited to the State of Florida unlawfully and contrary to the United States, and the violation of [his] rights are the result of deliberate acts and omissions by state and federal law enforcement in West Virginia and Florida." (*Id.* at 4.) He also argues that his case meets the "live case or controversy requirement" because "it involves a conspiracy to violate [his] rights and to deprive him of his very life, in addition to liberty, by State and federal authorities, both in Florida and West Virginia, as well as other states." (*Id.* at 3.) He also argues that the Magistrate's reliance on *Spencer* is misplaced because he is not challenging a conviction. (*Id.* at 3-4.)

---

5 In further support of his objections, Petitioner attaches his affidavit detailing his confinement and prosecution in the State of Florida. (Document 18 at 5-18.)

6

Petitioner also asserts that he satisfies the actual injury requirement in *Nakell* because the Court did not respond to his Petition, and therefore, "instead of going home to his family in 2010 upon his release from prison, he was taken to the county jail in Beckley to await extradition." (*Id.*) Furthermore, he argues that "the injuries suffered are 'likely to be redressed by a favorable judicial decision' . . . as they are egregious violation of right to a fair trial." (*Id.*) Petitioner also claims that "[he] is under threat of further injury for the fact that the State of Florida actively seeks the death penalty against him." (*Id.*) Petitioner explains that the "continued custody is the 'continuing injury' (multiplied by the injuries that have ensued as a result of the continued custody)." (*Id.* at 4.) Petitioner asserts that "the custody of which [he] sought to challenge while still a federal prisoner is the same custody currently imposed on [him]." (*Id.*) Based upon the foregoing, Petitioner argues that "[his] claims are not moot by virtue of his change from federal to state custody, and collateral consequences / actual injury has ensued." (*Id.*)

### C. Court's Findings

The Court has reviewed Petitioner's Petition and Amended Petition *de novo* and finds that the Magistrate's ultimate recommendation of dismissal should be adopted, but for the reasons stated herein. The Court further finds that Petitioner's objections are immaterial, and therefore, should be overruled.[6] Petitioner argues that his claims are not moot because there is an ongoing conspiracy to violate his rights (of which he has provided no evidence) and he has suffered actual injury and collateral consequences as a result of his extradition to Florida. He asserts that as a result of the Florida detainer lodged against him, instead of returning home upon his release from

---

6 The Court notes that Petitioner is acting *pro se,* and thus, has liberally construed his pleadings. *Estelle*, 429 U.S. at 106; *Loe*, 582 F.2d at 1295.

7

federal custody, he was extradited to the State of Florida and placed in state custody based on pending criminal charges.

Assuming arguendo that Petitioner has suffered actual injury and/or collateral consequences traceable to the defendant, this Court does not have jurisdiction to entertain Petitioner's claims. "[T]o invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant *and likely to be redressed by a favorable judicial decision*." *Lewis,* 494 U.S. at 477 (emphasis added). In his Petition, Petitioner requests that the Court lift the detainer and dismiss the indictment with prejudice. (Document 2 at 3.) In his Amended Petition, he prays that the Court: (1) declare the acts and omission of the State of Florida violations of his constitutional rights, (2) issue an injunction ordering the State of Florida to stop violating his rights and (3) issue an order dismissing with prejudice the detainer, fugitive warrant, and indictment. (Document 10 at 6.) This Court cannot provide Petitioner with his requested relief. Therefore, for the reasons stated herein, Petitioner's objections are overruled.

Insofar as Petitioner sought to enjoin his extradition to Florida, there is no longer a live controversy because Petitioner was, in fact, extradited. Petitioner was released from FCI Beckley on the day his Petition was filed and is now being held by Florida authorities. "An [IAD] claim becomes moot when the detainer is executed and the prisoner is extradited". *Carney v. Clark,* 172 F.3d 52 (7th Cir.1999) (unpublished opinion) (citing *Kearns,* 837 F.2d at 338; *Burrus v. Turnbo,* 743 F.2d 693 (9th Cir.1984), *vacated as moot sub nom. Hijar v. Burrus,* 474 U.S. 1016 (1985); *State v. Burrus,* 729 P.2d 935, 936 (Ariz.1986) (en banc) (explaining procedural history of Burrus' federal appeals). Therefore, because Petitioner is no longer held at FCI Beckley, his action

against Respondent, Warden Berkebile, is moot.[7] *See, Alston v. Adams*, 178 F.App'x. 295, 296 (4th Cir.2006) (per curium) (unpublished).

Moreover, pursuant to the IAD, this Court does not have the authority to dismiss the Florida Indictment filed against Petitioner. The Interstate Agreement on Detainers, § 2, 18 U.S.C. App. 2 Article V section (c), provides:

> If the appropriate authority shall refuse or fail to accept temporary custody of said person, or in the event that an action on the indictment, information, or complaint on the basis of which the detainer has been lodged is not brought to trial within the period provided in article III or article IV hereof, *the appropriate court of the jurisdiction where the indictment, information, or complaint has been pending* shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect.

(*Id.*) (emphasis added.) Because the indictment Petitioner is challenging was issued in Florida, only the appropriate court in Florida can dismiss the indictment. (*Id.*) This Court cannot provide Petitioner with his requested relief.

Any relief Petitioner seeks against Florida must be filed against a state defendant after exhaustion of his state remedies. *See, Alston,* 178 F.App'x. at 296. The Court recognizes that "a federal district court in the state or district of confinement may entertain by habeas corpus a prisoner's challenge to the adverse effects on the conditions of his confinement resulting from the filing of a foreign detainer." *Norris v. Georgia,* 522 F.2d 1006, 1010 (4th Cir.1975) (citing *Nelson v. George,* 399 U.S. 224 (1970)). However, that is not the issue in this case. Petitioner is not claiming that the Florida detainer affected his confinement at FCI-Beckley in any way. Rather, he contends that the Florida detainer was executed in violation of the Interstate Agreement on Detainers and the Speedy Trial Act. His allegations concern the legality of the detainer, itself.

---

7 Although Petitioner named the United States of America as the Respondent in the case heading of his typewritten "Emergency Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody," he named Warden Berkebile as the Respondent on his form Petition. (Document 1 at 2.)

Accordingly, his claims must be pursued within the Florida state courts or through the proper Florida administrative channels. *See Strait v. Howard,* 2013 WL 119996 (W.D.Ky. Jan 8, 2013); *Farris v. Pearson,* 2009 WL 5206483, at *1 (S.D.Miss. Dec. 23, 2009). "[W]hen a federal prisoner challenges a state detainer pursuant to § 2241, he must exhaust available administrative remedies provided by the Interstate Agreement on Detainers ("IAD") in the state lodging the detainer *before* he seeks federal habeas relief." *Graham v. Brooks,* 342 F.Supp.2d 256, 262 (D.Del. Nov. 1, 2004) (emphasis added) (citing *Grant v. Hogan,* 505 F.2d 1220, 1223-24 (3rd Cir.1974)). Similarly, "when a habeas petitioner is incarcerated in one state but challenges a detainer lodged by another state on speedy trial grounds, 'habeas corpus relief [is] available only if the prisoner [has] exhausted the remedies available to him in the indicting state when seeking his right to a speedy trial on the underlying charges.'" *Graham,* 342 F.Supp.2d at 262 (quoting *Grant,* 505 F.2d at 1223.) There is no evidence in the record that Petitioner exhausted his state remedies *before* filing this action, and therefore, dismissal of this proceeding is warranted.

Moreover, this Court is not the proper venue for Petitioner's action. Petitioner is no longer confined in the Southern District of West Virginia. Furthermore, he is challenging a detainer issued by Florida. *Habeas corpus* petitions challenging the validity of a detainer or raising matters under the IAD should be brought in the judicial district where the detainer was issued. *See, Jones v. Deboo*, 2012 WL 2396367, at *2 (N.D. W.Va. June 25, 2012); *Graham,* 342 F.Supp.2d at 262. Therefore, the appropriate forum in which Petitioner may challenge the validity of the Florida detainer and the charges pending against him is the United States District Court for the Southern District of Florida, not this Court.[8] *See, Norris v. Georgia,* 522 F.2d 1006, 1013 (4th

---

8 The Okeechobee County Jail, located in Okeechobee, Florida, which is within the Southern District of Florida.

Cir.1975). Because there is no evidence in the record that Petitioner exhausted his state remedies before filing this action, the Court is not inclined to transfer this matter to any court in Florida.

Finally, the Court finds that it does not have jurisdiction over Petitioner's Amended habeas petition. The Supreme Court, in *Rumsfeld v. Padilla,* 542 U.S. 426, 443(2004), held that "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." (*Id.*) *see also, United States v. Poole,* 531 F.3d 263, 264 (4th Cir.2008) ("a [Section] 2241 habeas petition can only be filed in the district in which a prisoner is confined."). Petitioner filed his Amended Petition while incarcerated in Okeechobee, Florida, as opposed to West Virginia. Accordingly, Petitioner's Amended Petition should be dismissed without prejudice.

## IV.   CONCLUSION

Accordingly, for the reasons stated above, the Court **ADOPTS IN PART** the Magistrate Judge's Proposed Findings and Recommendation (Document 17). The Court does hereby **ORDER** that Petitioner's Objections (Document 18) are **OVERRULED**. The Court specifically **FINDS** that to the extent the Petitioner sought to enjoin his extradition to Florida, his claim is **MOOT.** The Court further **FINDS** that to the extent the Petitioner challenges the validity of the detainer and his confinement at the Okeechobee County Jail, his claims are improper in this Court and must be **DISMISSED**. Accordingly, the Court **ORDERS** that Petitioner's Application for Writ of Habeas Corpus by Person in Federal Custody under 28 U.S.C. § 2241 and his Amended Petition (Documents 1 and 10) be **DISMISSED WITHOUT PREJUDICE** and **REMOVED** from the docket of this Court.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: September 17, 2013

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA